# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br><br>JOSE FLORES-VASQUEZ,<br><br>　　　　Defendant/Petitioner. | CIVIL CASE NO. 06CV2458 J<br>CRIM CASE NO.  05CR0800 J<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255** |

Before the Court is Petitioner Jose Flores-Vasquez's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255.  [Doc. No. 37.] "A prisoner in custody under sentence of a court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C. § 2255.  For the reasons set forth below, the Court **DENIES** the Petition.

## *Background*

On March 9, 2005, Petitioner, a citizen of Mexico, attempted to enter the United States by crossing the border fence and hiding in brush near the Calexico, California Port of

1 | Entry. (Gov't Resp. Ex. A at 2; Rep.'s Tr. of Disposition Hearing at 13.) Defendant had
2 | previously been deported and removed from the United States on October 1, 2004, and
3 | January 6, 2005, after receiving a felony conviction on June 21, 2001, for committing an
4 | assault on a person with a firearm. (Gov't Resp. Ex. A at 3.) At the time Petitioner
5 | attempted to enter the United States, he had not received permission to return to the United
6 | States from the Secretary of the Department of Homeland Security or his designated
7 | successor. (*Id.*)

8 | On March 1, 2006, pursuant to a plea agreement, Petitioner pled guilty to a violation
9 | of 8 U.S.C. § 1326, felony attempted entry after deportation. (*Id.* at 2.) At the disposition
10 | hearing, Petitioner stated that he signed the plea agreement after having it explained to him
11 | in Spanish and after reading it in its entirety. (Rep.'s Tr. of Disposition at 7.) Petitioner
12 | also stated that he understood that the Court, and not the attorneys, would decide his
13 | sentence. (*Id.* at 19.) When asked by the Court whether anyone had made any prediction,
14 | prophecy, or promise to him regarding his sentence, Petitioner responded "No." (*Id.* at 20.)
15 | Petitioner's counsel stated that he did not make any promises or representations to
16 | Petitioner regarding his sentence. (*Id.* at 21.)

17 | The plea agreement provided that the violation of 8 U.S.C. § 1326 carried a
18 | maximum penalty of twenty years in prison. (Gov't Resp. Ex. A at 3.) The plea agreement
19 | also provided that Petitioner waived his right to appeal or collaterally attack the conviction
20 | or sentence unless the Court imposed a custodial sentence greater than the high end of the
21 | guideline range recommended by the Government. (*Id.* at 8.) On May 24, 2006, the Court
22 | sentenced Petitioner to 51 months in custody. [Doc. No. 35.]

### *Discussion*

24 | Petitioner asserts two ineffective assistance of counsel claims in his Petition: (1) his
25 | attorney told him he would receive no more than 30 months in custody; and (2) his attorney
26 | failed to raise the argument that he never "entered" the United States by definition of law.
27 | (Pet. at 5.) In opposition, the Government asserts that Petitioner's claims are barred
28 | because he waived his right to collateral attack as part of his plea agreement. (Gov't Resp.

1 at 3.)  The Government also argues that Petitioner's claim that his attorney guaranteed him
2 a sentence of 30 months or less is directly contradicted by the transcript of Petitioner's
3 disposition hearing.  (*Id.* at 4.)  The government further argues that Petitioner's argument
4 that he never "entered" the United States is meritless because Petitioner was charged with
5 attempted illegal re-entry after deportation, rather than actual entry.  (*Id.* at 5.)  As of this
6 date, Petitioner has not filed a traverse.

**I. Waiver of Right to Collateral Attack**

The Government argues that because Petitioner was sentenced within the guideline range recommended by the Government, the plea agreement signed by Petitioner prohibits him from appealing or collaterally attacking his conviction and sentence.  (*Id.* at 3.)  A defendant's knowing and voluntary waiver of his right to collaterally attack his sentence pursuant to a plea agreement is upheld where all of the conditions of the terms of the plea agreement have been met.  *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996).  However, a plea agreement containing a waiver of the right to collaterally attack the conviction or sentence does not foreclose a defendant from bringing a Section 2255 petition based on claims of ineffective assistance of counsel.  *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).  Here, Petitioner challenges his sentence based on ineffective assistance of counsel.  The Court **FINDS** that the plea agreement does not bar Petitioner from collaterally attacking his conviction because ineffective assistance of counsel claims are not foreclosed by waiver.  *See Abarca*, 985 F.2d at 1014.

**II. Petitioner's Claim that Counsel Improperly Advised Him as to the Potential Length of His Sentence**

Petitioner asserts that his counsel was ineffective for advising him that he would receive no more than 30 months in custody.  (*See* Pet. at 5.)  A claim of ineffective assistance of counsel used to attack the validity of a guilty plea may be sustained "where the petitioner establishes that the ineffective performance 'affected the outcome of the plea process . . . [such] that absent the erroneous advice, he would have insisted on going to trial.' "  *Baramdyka*, 95 F.3d at 844 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58, (1985)).

1    At the disposition hearing, the Court asked Petitioner whether he had been advised
2  as to the maximum sentence he could receive as a result of his guilty plea:

3   THE COURT: What's the maximum possible punishment you could receive as
      a result of your plea of guilty?
4   THE DEFENDANT: That I don't know.
    THE COURT: Well, your attorney indicated the maximum possible punishment
5   is 20 years. Do you understand that, Sir?
    THE COURT: Yes.
6

7  (Rep.'s Tr. of Disposition at 19.) The Court also asked Petitioner whether he understood
8  that the Court, and not the attorneys, would decide Petitioner's sentence:

9   THE COURT: Other than what's in this Plea Agreement, has anyone made any
       promises to you in order to get you to plead guilty?
10  THE DEFENDANT: No.
    THE COURT: You understand that I, as trial judge, not the attorneys, will
11    decide what the appropriate sentence in your case will be?
    THE DEFENDANT: Yes, I understand, your honor.
12

13  (Rep.'s Tr. of Disposition at 19.) Additionally, the Court inquired as to whether anyone
14  had made any promises to Petitioner regarding his sentence:

15  THE COURT: Has anyone made any prediction, prophecy or promise to you
       as to what your sentence in this case will be?
16  THE DEFENDANT: No.

17
    (*Id.* at 20-21.) Finally, the Court asked Petitioner's attorney whether he had made any
18
    promises to Petitioner regarding his sentence:
19
    THE COURT: Other than what you stated on the record and what's contained
20    in the plea agreement, have you made any promises or representations to your
      client about what the sentence will be?
21  MR. BACHO: No, your honor.
22

23  (*Id.* at 21.)

24    Petitioner's contention that his attorney advised him that he would receive no more
25  than 30 months is directly controverted by the statements Petitioner and his attorney made
26  at the disposition hearing. After examining the record of the disposition hearing, it is
27  apparent that Petitioner understood that only the Court could decide what the appropriate
28  sentence in Petitioner's case would be. There is no indication that "absent [counsel's]

1  erroneous advice, [Petitioner] would have insisted on going to trial." *See Baramdyka*, 95
2  F.3d at 844.  The thus Court **DENIES** Petitioner's first claim of ineffective assistance of
3  counsel because the record shows that no one made any prediction, prophecy or promise to
4  Petitioner as to what his sentence would be.

**III. Petitioner's Claim that Counsel Failed to Raise the Argument that Petitioner Had Not Actually "Entered" the United States**

Petitioner asserts that his counsel was ineffective for failing to raise the argument that Petitioner never "entered" the United States. (*See* Pet. at 5.)  Specifically, Petitioner asserts that " 'Enter' means more than merely crossing the border." (*Id.*)  In opposition, the Government notes that Petitioner was charged with attempted illegal reentry after deportation, not actual illegal entry. (Gov't Resp. at 5.)  According to the Government, the fact that Petitioner was apprehended immediately after his attempted entry into the United States has no mitigating effect on his conviction.

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish each of two prongs: (1) counsel's performance fell below an objective standard of reasonableness under prevailing norms of practice, and (2) counsel's performance was prejudicial to the petitioner's case. *See Strickland v. Washington,* 466 U.S. 668, 686 (1994).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989).

Under 8 U.S.C. § 1326, attempted reentry occurs "when a previously deported alien 'makes an effort' or 'tries' to reenter the United States." *United States v. Leos Maldonado*, 302 F.3d 1061, 1064 (9th Cir. 2002) (quoting *United States v. Corrales-Beltran*, 192 F.3d 1311, 1319 (9th Cir. 1999)).  "It is the act of crossing the boundary line into the United States." *Corrales-Beltran*, 192 F.3d at 1319.

In this case, Petitioner cannot establish the first part of the *Strickland* test.  The performance of Petitioner's counsel did not fall below an objective standard of

1  reasonableness.  It would have been fruitless for Petitioner's counsel to argue that
2  Petitioner had not entered the United States for purposes of 8 U.S.C. § 1326 because it is
3  clear that Petitioner crossed the border.  The factual basis admitted to by Petitioner in the
4  plea agreement states that Petitioner crossed the border fence between Mexico and the
5  United States and hid in brush near the Calexico Port of Entry.  (Gov't Resp. Ex. A at 2.)
6  Petitioner admitted at his disposition hearing that he knowingly and intentionally attempted
7  to enter the United States by crossing the border fence and hiding in brush near the
8  Calexico Port of Entry.  (Rep.'s Tr. of Disposition Hearing at 13.)  Nothing in the statute or
9  in the Ninth Circuit's case law suggests that such actions do not constitute an attempt to
10 enter.  Counsel's failure to raise the meritless legal argument that Petitioner did not actually
11 enter the United States does not constitute ineffective assistance of counsel.  *See Shah*, 878
12 F.2d at 1162.  The Court thus **DENIES** Petitioner's second claim of ineffective assistance
13 of counsel

*Conclusion*

15 For the reasons stated above, the Court **DENIES** Petitioner's Petition for Writ of
16 Habeas Corpus under 28 U.S.C. § 2255.

17 **IT IS SO ORDERED.**
18 DATED:  May 29, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

21 cc: All Parties